**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**September 15, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

STATE AUTO INSURANCE
COMPANY,

        Plaintiff-Appellant,

  v.

PAUL CLIFFORD; A+
PRODUCTION PAINTING, INC.,

        Defendants-Appellees.

No. 05-6333
(D.C. No. CIV-05-0259-F)
(W.D. Okla.)

---

**ORDER AND JUDGMENT***

---

Before **BRORBY** and **EBEL**, Circuit Judges, and **KANE**,** District Judge.

---

In this insurance coverage dispute, Plaintiff State Auto Insurance Company

(State Auto) appeals the district court's grant of summary judgment in favor of

---

\* After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

\*\* The Honorable John L. Kane, Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

Defendants Paul Clifford and A+ Production Painting, Inc. (A+). We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

On July 21, 2004, Paul Clifford, proprietor of A+, was operating a motorcycle owned by himself and his ex-wife, Gina, when he was struck by another vehicle operated by Wesley Duty. Clifford sustained significant and progressive injuries from the collision. Although Duty was deemed at fault, his minimal insurance coverage was insufficient to satisfy Clifford's claims. Consequently, Clifford submitted an uninsured/underinsured motorist (UM) claim to State Auto under a commercial auto insurance policy issued to his business, A+.

State Auto ultimately denied the claim based on language in the policy's UM endorsement.[1] State Auto asserted that the endorsement excluded Clifford from UM coverage because he was occupying a vehicle he owned at the time of

---

[1] The endorsement language at issue provides:

The following is added to WHO IS AN INSURED:

Any individual named in the Schedule and his or her "family members" are "insured" while "occupying" or while a pedestrian when being struck by any "auto" you don't own except:

Any auto owned by that individual or by any "family member."

Aplt. App. at 124.

-2-

the collision. Thereafter, State Auto sought a declaratory judgment confirming that it was not obligated to pay UM benefits under the terms of the endorsement.

The district court reviewed the endorsement and concluded that it was ambiguous because it was susceptible to at least two plausible meanings. Aplt. App. at 195. The court further concluded that in light of the ambiguity, Clifford had a reasonable expectation of coverage. *Id.* at 196. Accordingly, the district court granted summary judgment in favor of Clifford and A+. *Id.*

This appeal followed.

In diversity cases, the substantive law of the forum state governs the analysis of the underlying claims, but federal law controls the ultimate procedural determination of the propriety of the district court's grant of summary judgment. *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1016 (10th Cir. 2001). Accordingly, we apply Oklahoma law to the substantive issues on appeal, and we review the district court's grant of summary judgment de novo, *Gwinn v. Awmiller*, 354 F.3d 1211, 1215 (10th Cir. 2004).

State Auto argues on appeal that the district court erred in finding the endorsement ambiguous because it failed to apply the policy definitions to the endorsement terms and read those terms in context. However, our review of the district court's order leads us to conclude that this argument is without merit. First, the district court endeavored to parse the policy endorsement, but was left "struggling to understand which phrases modify which objects in the

[endorsement] as a whole." Aplt. App. at 194. Next, the court attempted to read the endorsement terms in context, but found that a lack of punctuation throughout the endorsement made it "difficult to understand where phrases stop and start and to what they pertain." *Id.* Thereafter, the court applied the policy definition to the word "you" as used in the endorsement, but found that doing so only "complicat[ed] things even more" because other language in the endorsement and the declarations page left room to question whether Clifford and his ex-wife were "'named insureds' for purposes of this particular endorsement." *Id.* at 195. Hence, the court concluded that the policy is ambiguous because the endorsement is susceptible to at least two plausible meanings. *Id.* Having thoroughly reviewed the district court's order, the parties' briefs, the record on appeal, and the pertinent law, we agree with the district court's ruling and affirm for substantially the same reasons as set forth in the district court's order.

State Auto also contends the district court erred in finding that the endorsement's ambiguity created a question of fact concerning the reasonableness of Clifford's expectation of coverage. This argument is also without merit. Reasoning that the endorsement's title, language, and the policy declarations page made it reasonable to conclude that Clifford was a named insured for purposes of the UM endorsement, the court determined that Clifford had a reasonable expectation of coverage. Aplt. App. at 195-96. This holding is consistent with Oklahoma law and policy governing insurance coverage disputes. *Max True*

*Plastering Co. v. U.S. Fid. & Guar. Co.*, 912 P.2d 861, 865 (Okla. 1996) (indicating "in cases of doubt, words of inclusion are liberally applied in favor of the insured and words of exclusion are strictly construed against the insurer"). Therefore, perceiving no error, we affirm the district court's ruling for substantially the same reasons as set forth in that court's order.

    The judgment of the district court is AFFIRMED.

                         Entered for the Court


                         Wade Brorby
                         Circuit Judge